**NOT FOR PUBLICATION**

MAR 21 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEUKA ADIBISHA JACKSON, | No. 14-55139 |
| Petitioner - Appellant, | D.C. No. 5:13-cv-00234-MWF-JCG |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA and HOLLAND, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted March 7, 2016**
Pasadena, California

Before: W. FLETCHER, MURGUIA, and OWENS, Circuit Judges.

Geuka Jackson, a California state prisoner, appeals from the district court's

denial of his petition for a writ of habeas corpus. In his petition, Jackson

challenges his convictions for possession of weapons and drugs. As the parties are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), it was not unreasonable for the California Court of Appeal to determine that the exclusion of Gregory Robertson's statements did not violate Jackson's due process rights. Under *Chambers v. Mississippi*, 410 U.S. 284 (1973), the exclusion of hearsay testimony, pursuant to state evidentiary rules, violates an individual's due process rights when the statements provide "considerable assurance of their reliability" and are critical to the defense. *Id.* at 300-02.

Here, it was not unreasonable for the California Court of Appeal to conclude that Robertson's statements—that all of the weapons and drugs at the Fir Avenue residence belonged to Robertson—were not sufficiently trustworthy. Unlike in *Chambers*, here, Robertson's statements were not made spontaneously to a close acquaintance. *See Chambers*, 410 U.S. at 300. Furthermore, Robertson's statements were not corroborated. There was no evidence confirming that Robertson had, indeed, been arrested one day before Jackson was arrested at the Fir Avenue residence for possession of weapons and drugs. Additionally, Robertson's statements were not specific enough to be reliable. Robertson provided no information about the type of drugs or weapons that he allegedly

2

owned.  *See Christian v. Frank*, 595 F.3d 1076, 1084-85 (9th Cir. 2010) (holding that a state court's decision was not an unreasonable application of *Chambers* where the "testimony at issue . . . was materially less trustworthy than the excluded testimony in *Chambers*").

The California Court of Appeal also reasonably concluded that Robertson's statements were not truly against his penal interest due to their vagueness.  When making the statements, Robertson did not "want to be specific" about the location of the weapons or drugs.  Moreover, the drugs and weapons for which Jackson was convicted were found outside of the Fir Avenue residence, not inside as Robertson indicated.  This case is clearly distinguishable from *Chambers*, and therefore, the California Court of Appeal did not unreasonably apply clearly established Supreme Court law such that Jackson is entitled to relief.

**AFFIRMED.**